# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Salvador Ware # 372203, | Civil Action No. 4:18-2628-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden Joseph McFadden, *Palmer Pre-Release Center*, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, dismisses with prejudice Petitioner's petition, and denies a Certificate of Appealability.

## I. Background

Petitioner Salvador Ware is a state prisoner confined at the Palmer Pre-Release Center in South Carolina. Petitioner is proceeding *pro se* to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In April 2017, Petitioner was convicted in South Carolina state court of strong arm robbery and did not file a direct appeal. In July 2018, Petitioner filed an untimely application for post-conviction relief, and in September 2018 the state court issued a conditional order of dismissal giving Petitioner twenty days to show cause for why dismissal should not be finalized. Petitioner did not respond. Petitioner filed this petition for a writ of habeas corpus on September 26, 2018.[1]

---

[1] The Court "may properly take judicial notice of matters of public record," such as facts on the South Carolina Court of Common Pleas website, at

-1-

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Where there are no objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court carefully reviewed Petitioner's objections to the R & R, including the objection that Petitioner did not have a legal understanding at the time to know that his state court lawyer violated the law and, therefore, that Petitioner's true time starts running when he determined he should not have pleaded to the state court charges and that there was gross negligence by both parties. (Dkt. No. 15.)

---

https://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (searching by Petitioner's name). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.2d 176, 180 (4th Cir. 2009).

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the petition should be dismissed as untimely.[2] "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest date of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on April 17, 2017 (Dkt. No. 1 at 1), he did not file a direct appeal, and the conviction became final on April 27, 2017. *See* S.C. App. Ct. R. 203(b)(2) (mandating that notice of direct appeal must be filed and served on all respondents within ten days after sentence is imposed or after receiving written notice of entry of the order of judgment). The petition's delivery date was September 26, 2018. (Dkt. No. 1 at 14.) *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (concluding that prisoner's petition is filed when delivered to prison authorities for forwarding to District Court). The one-year limitation period may be equitably tolled "only if [the Petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation and quotation marks omitted). But Petitioner has made no showing, nor is one readily apparent on the record, including in Plaintiff's objections to the R & R. As a result, the Magistrate Judge correctly concluded that, when given an appropriately liberal construction, Petitioner's petition is subject to dismissal as time-barred.

---

[2] The petition is also subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Petitioner failing to comply with the Magistrate Judge's Proper Form Order (Dkt. No. 5) and for Petitioner failing to first exhaust his state court remedies. *See Beard v. Green*, 523 U.S. 371, 375 (1998) ("It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.").

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that the petition is subject to dismissal as time-barred, pursuant to Rule 41, and for failure to exhaust state court remedies. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 13) is **ADOPTED** as the Order of the Court, Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 19, 2018
Charleston, South Carolina

-4-